

FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 4:14 pm, Jul 02, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

VICENTE LOPEZ ORTEGA,

    Plaintiff,

    v.

WARDEN HILTON HALL, et al.,

    Defendants.

CIVIL ACTION NO.: 5:19-cv-1

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's putative class action, conspiracy, and official capacity monetary damages claims. However, I **FIND** that Plaintiff's Fourteenth Amendment equal protection claim may proceed, and the Court will direct service of that claim by separate Order.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, who can only speak and read in Spanish, asserts Defendants have conspired to violate his Fourteenth Amendment equal protection rights. Doc. 1 at 7. Each Defendant, Plaintiff alleges, is a policy maker at either the Georgia Department of Corrections ("GDC"),

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Coffee Correctional Facility ("CCF"), or Corecivic, Inc., a private prison contractor that manages CCF.[2]  Id. at 8–13.  Plaintiff maintains all Defendants acted purposefully and maliciously to discriminate and conspire against Plaintiff by intentionally creating and carrying out a policy to deny Plaintiff adequate access to Spanish legal materials.  Id. at 17–19.  As relief, Plaintiff seeks: (1) a declaration that Defendants violated his constitutional rights; (2) a preliminary injunction preventing Defendants from retaliating against him; (3) compensatory damages of $5,000 from each Defendant, jointly and severally; (4) punitive damages of $15,000 from each Defendant, jointly and severally; (5) all costs and expenses of litigation; and (6) all other relief the Court deems proper.  Id. at 19–20.

---

[2]     Defendants hold the following supervisory positions at GDC, CCF, or CoreCivic: Greg Dozier, Commissioner of the Georgia Department of Corrections; John Doe, Director of GDC, Office of Legal Services; John Doe, State Monitor for GDC; Hilton Hall, Head Warden at CCF; Ricky Stone, Assistant Warden of Care and Treatment at CCF; Phillip DeBarthe, Principle of Education at CCF; Paul Cason, Assistant Principle of Education at CCF; Brandon Arnold, Policy Manager at CCF; and John Doe, Director of Educational Services at CoreCivic, Inc.  Doc. 1 at 8–13.  The remaining Defendants, Maria Kelly, a librarian at CCF, and Prissilla Moody, a security guard in the CCF education department, are likely not policymakers because they do not hold supervisory roles, but, as noted, the Court must accept Plaintiff's assertions as true.  Id.

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (emphasis supplied).  Plaintiff makes sufficient allegations that these supervisory Defendants instituted and maintained a policy that Spanish-speaking inmates would not have access to legal materials written in Spanish, whereas English-speaking inmates have access to legal materials written in English.  Thus, Plaintiff sets forth plausible allegations that Defendants Hall, Dozier, Kelly, John Does 1, 2, and 3, Stone, DeBarthe, Cason, Moody, and Arnold personally participated in the alleged violation of his constitutional rights.

2

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.   Official Capacity Claims**

Plaintiff sues all Defendants in both their individual and official capacities. Doc. 1 at 8–13. However, he cannot sustain a § 1983 claim for monetary damages against Defendants in

3

their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under § 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees and officers of the Georgia Department of Corrections and CoreCivic.[3]  Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities.  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities.

## II.     Conspiracy Claim

A conspiracy to violate another person's constitutional rights may give rise to a § 1983 action.  "To establish a prima facie case of a section 1983 conspiracy, a plaintiff must show, among other things, that defendants 'reached an understanding to violate [his] rights.'"  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2007) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)).  A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants."  Id. at 1283–84 (quoting Bendiburg

---

[3]     Though CoreCivic, Inc. is a private entity, prison contractors are considered state actors.  Therefore, CoreCivic is subject to suit under § 1983.  See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003).

v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990)). "[T]he linchpin for conspiracy is agreement." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., 956 F.2d 1112, 1122 (11th Cir. 1992). "[M]erely string[ing] together" alleged acts of individuals is not sufficient to establish the existence of a conspiracy.  Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992).

Here, Plaintiff does not set forth any facts indicating Defendants reached an understanding or agreement to violate his rights.  Instead, Plaintiff makes the conclusory statement that Defendants conspired together in forming and enforcing a policy to maintain an English-only law library, with the exception of a single Spanish/English dictionary.  Doc. 1 at 16.  Even at the frivolity stage, Plaintiff fails to set forth sufficient facts which would render his conspiracy allegations "plausible."  Iqbal, 556 U.S. at 678.  Accordingly, the Court should **DISMISS** Plaintiff's conspiracy claim.

### III. Putative Class Action

Plaintiff mentions only once a wish to form a putative class action, doc. 1 at 7, and makes no mention of other inmates who would join him.  In any case, although "[a]n individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself . . . does not create a coordinate right to litigate for others."  Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1 (S.D. Ga. Aug. 14, 2012) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action)), *report and recommendation adopted by* 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012).  As Plaintiff cannot represent the interests of other prisoners, the Court should **DISMISS** any putative class action claims.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's putative class action, conspiracy, and official capacity monetary damages claims. I **FIND** that Plaintiff's equal protection claim may proceed, and service of that claim will be directed by separate Order.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA